IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. JEBURK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-073 |
| | ) | |
| JUDGE DUDLEY H. BOWEN, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner held at the United States Penitentiary Big Sandy in Inez, Kentucky, commenced the above-captioned case in the Eastern District of Kentucky on May 14, 2010. (Doc. nos. 2, 4.) Plaintiff made a motion to proceed *in forma pauperis* ("IFP"), and that motion, along with Plaintiff's entire case, was transferred to the Southern District of Georgia by the Honorable Amul R. Thapar, United States District Judge. (Doc. no. 4.) Plaintiff's claims were classified by the Eastern District of Kentucky as falling under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). (Doc. no. 4, p. 1.) Once the case was transferred, Plaintiff's motion to proceed IFP was denied, and he was ordered to pay the full $350.00 filing fee. (Doc. no. 7.) After another Order on July 26, 2010, granting Plaintiff an additional fourteen (14) days to pay the filing fee, (doc. no. 8), Plaintiff eventually did so on August 9, 2010.

As Plaintiff is not proceeding IFP, his complaint is not subject to 28 U.S.C. § 1915(e)(2)'s screening provision. See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

However, because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. 28 U.S.C. § 1915A; Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*). Pleadings by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may review Plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A.

I. **Screening of Complaint**

   A. **Nature of the Complaint**

Plaintiff characterized this case as being brought under 28 U.S.C. § 1343(a), (doc. no. 2), but in its transfer order, the Eastern District of Kentucky classified Plaintiff's claim as falling under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). (Doc. no. 4, p. 1.) Although Plaintiff's complaint was found to fall under Bivens, the Court must consider the relief sought by Plaintiff. In a Bivens action, the plaintiff seeks monetary damages for constitutional violations by federal officials. See Bivens, 403 U.S. at 390 (seeking $15,000 from each defendant for violations of Fourth Amendment rights). However, here, Plaintiff seeks two things: 1) "[a] declaration that the acts and omissions described herein violate [P]laintiff's rights under the [C]onstitution and laws of the United States"; and 2) "[a]ny additional relief this [C]ourt deem just, proper and equitable." Plaintiff does not seek any monetary damages. Instead he seeks a declaration that his constitutional rights were violated which he can then attempt to use in order to make a collateral challenge attempting to restore his appellate rights. The restoration of appellate

rights is typically pursued by filing a § 2255 motion. See Benitez v. United States, 376 F. App'x 949 (11th Cir. 2010) (reviewing ruling by district court that appellant voluntarily waived his right to appeal when deciding appellant's § 2255 motion); Thompson v. United States, 504 F.3d 1203 (11th Cir. 2007) (seeking restoration of appellate rights by filing a § 2255 motion claiming ineffective assistance of counsel). The label previously applied does not prevent the Court from considering the filing for what the substance shows it to be, namely, another attempt by Plaintiff to have his appellate rights restored disguised as a Bivens action in order to circumvent the successive filings bar to § 2255 motions.

Indeed, the Eleventh Circuit has repeatedly recognized the practice of looking beyond the title of a document in order to properly analyze its substance. Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir.) (*per curiam*) (affirming district court's holding that plaintiff's action putatively brought pursuant to 42 U.S.C. § 1983, was properly construed as a petition for writ of habeas corpus), cert. denied, 536 U.S. 980 (2002); Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").

Plaintiff has a long history of filing repeated § 2255 motions even after courts have dismissed the motions time after time for being successive. See 28 U.S.C. §§ 2255, 2244(b). Plaintiff filed a § 2241 petition in the Colorado District Court which was dismissed when that court found it was, in reality, a § 2255 motion. Jeburk v. Hurley, CV 198-2033 (D.

3

Colo. Nov. 25, 1998). Plaintiff then filed a § 2255 motion in this district, which was dismissed for untimeliness. Jeburk v. United States, CV 199-166 (S.D. Ga. Nov. 8, 1999). On June 7, 2001, Plaintiff filed yet another § 2255 motion in this district which was dismissed as being a successive petition. Jeburk v. United States, CV 101-089 (S.D. Ga. June 29, 2001). Deciding to try another location, Plaintiff filed a § 2241 petition in the Eastern District of California. Once again his § 2241 petition was more properly characterized as a § 2255 motion and dismissed. Jeburk v. United States, CV 107-354 (E.D. Calif. Apr. 20, 2007). Returning to this district, Plaintiff filed his third § 2241 petition, which was actually found by the to be a § 2255 motion and was dismissed for being successive. Jeburk v. Warden, Emanuel Cty. Detention Ctr., CV 608-101 (S.D. Ga. Sept. 24, 2010). Finally, Plaintiff filed yet another § 2255 motion, which was, as before, dismissed for being a successive petition. Jeburk v. United States, CV 109-048 (S.D. Ga. July 20, 2009).

Further support for the improper nature of Plaintiff's current attempt at a Bivens action can be found in the fact that Plaintiff's instant complaint centers around the same individuals, as well as the same IFP hearing, that Plaintiff used as grounds for his past § 2255 motions. Upon review of Plaintiff's complaint, the Court finds that Plaintiff names the following Defendants: (1) the Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia; (2) Richard H. Goolsby, former Assistant United States Attorney for the United States District Court for the Southern District of Georgia; (3) the estate of Jack E. Boone, Jr., who was Plaintiff's retained counsel during the underlying criminal trial; and (4) Peter J. Flanagan, counsel who represented Plaintiff on direct appeal from the underlying criminal trial. (Doc. no. 1.)

Plaintiff states in his complaint that after being found guilty of six counts of a federal indictment in the United States District Court for the Southern District of Georgia, and subsequent to his sentencing, he was sent to the United States Penitentiary located in Leavenworth, Kansas, where he stayed from August 20, 1996 through April 28, 1997. (Id. at 2-3.) Plaintiff states that he was advised by Defendant Flanagan to file for "pauper status" so that he could obtain a copy of his trial transcript at no cost, and that he completed the necessary affidavit and returned it to Defendant Flanagan. (Id.) Plaintiff goes on to state that a hearing was held by Judge Bowen on January 29, 1997 to determine Plaintiff's IFP status, and Defendants Goolsby, Boone, and Flanagan were all present. (Id.) Plaintiff then states that Judge Bowen "falsely stated that. . .[P]laintiff was present for the hearing," and that "none of the "Defendants" corrected the erroneous statement as to. . .[P]laintiff's presence." (Id.) Plaintiff was not granted IFP status. United States v. Jeburk, CR 195-058, doc. no. 114, pp. 21-23. Plaintiff goes on to claim that his direct appeal was dismissed due to the lack of a trial transcript, and that the transcript of the January 29, 1997 hearing was sealed from that date until July of 2008. (Id.) Plaintiff claims that it was only after the transcript of the hearing was unsealed that he became aware of what had transpired at the hearing. (Id.)

Plaintiff's § 2255 motions filed in 1999 and 2009 each contain grounds based upon the same allegations and the same individuals discussed above. In Plaintiff's § 2255 motion filed in 1999, he bases his first ground for relief, denial of effective assistance of counsel on direct appeal, on the assertion that Defendant Flanagan did not challenge the district court's ruling in the IFP hearing and thus failed to perfect Plaintiff's appeal. Plaintiff claims that the district court incorrectly based its decision to deny him IFP status on "missing bank loot," and that Defendant Flanagan "should have filed charges of gross misconduct" against the

5

district court. Jeburk v. United States, CV 199-166, doc. no 1 (S.D. Ga. Nov. 8, 1999). In Plaintiff's 2009 § 2255 motion, he bases both grounds for his motion upon the IFP hearing discussed above. Jeburk v. United States, CV 109-048, doc. no. 1 (S.D. Ga. July, 2009). He makes the same allegation that the district court stated that Plaintiff was present at the hearing when he claims he was not. Id. He also claims that Defendant Flanagan made statements that indicated that Plaintiff was present (as opposed to merely not speaking up, as Plaintiff currently claims), but he failed to make any allegations regarding Defendants Goolsby's and Boone's silence when such statements were made. Id.

Plaintiff has previously stated that he has filed several petitions attempting to have his appellate rights restored, but that none have ever been addressed on the merits. Jeburk v. Warden, Emanuel Cty. Detention Ctr., CV 608-101, doc. no. 11, p. 2 (S.D. Ga. Sept. 24, 2010). Clearly Plaintiff has filed several petitions, as illustrated *supra*, and it is true that none have been decided on the merits. However, the reality of the matter is that Plaintiff is responsible for the very situation that he describes as a "long and tortuous battle." Id. Plaintiff simply waited beyond the allotted time to file his initial § 2255 motion, and then repeatedly attempted to file § 2255 motions as § 2241 petitions. As a result, Plaintiff's petitions were re-characterized as § 2255 motions and dismissed as being successive. Here, Plaintiff is once again attempting to launch yet another attempt to restore his appellate rights, this time in the guise of a Bivens action, in order to avoid having yet another § 2255 motion dismissed. As such, Plaintiff's attempted Bivens action is improperly brought.

B.   **Plaintiff's Claims are Frivolous**

Even if Plaintiff's current claims were properly raised in a civil rights action, his allegations that Judge Bowen falsely represented that he was present at the IFP hearing and

that Defendants Boone, Flanagan and Goolsby did not speak out, are rendered patently frivolous, even by a casual reading of the IFP hearing transcript. Plaintiff is no doubt referring to two statements made by Judge Bowen where he stated that "Mr. Jeburk is present. . ." United States v. Jeburk, CR 195-058, doc. no. 114, pp. 9, 10.) (S.D. Ga. July 18, 1996). However, Plaintiff is taking these statements out of context in regard to the rest of the hearing. It is clear from the entirety of the transcript of the hearing that Plaintiff was not physically present at the hearing, and that Judge Bowen was not speaking in reference to Plaintiff himself, but rather was referring to Plaintiff's attorney at the time, Defendant Flanagan. Defendant Flanagan even states at one point that he is speaking "on behalf of Mr. Jeburk. . . ." Id., doc. no. 114, p. 9. It should also be pointed out that at the beginning of the transcript, Judge Bowen acknowledges all parties present in the courtroom at that time and inquires why each was present. Nowhere in this process does Judge Bowen indicate that Plaintiff himself was present, indicating that he was not in the courtroom for the hearing. Id., doc. no. 114, pp. 1-2.

Therefore, Plaintiff's claims are also subject to dismissal pursuant to 28 U.S.C. § 1915 for patent frivolity, as they are "without arguable merit either in law or fact." Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 859-60 (11th Cir. 2008); see also Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 1991) ("[S]ection 1915, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

## C. Failure to State a Claim Against Judge Bowen and Defendant Goolsby Under Bivens

Even if Plaintiff's claims were properly brought under Bivens, he would still have no actionable claims against either Judge Bowen or Defendant Goolsby. Plaintiff's claims against Judge Bowen fail because he is entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Bowen was dealing with Plaintiff in a judicial capacity and whether the Judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Judge Bowen acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether Judge Bowen's actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's complaint against Judge Bowen appears to concern the Judge's actions as they relate to deciding whether to grant Plaintiff IFP status: an activity of a type usually performed by judges. As such, Judge Bowen is entitled to absolute immunity, and Plaintiff fails to state a claim for relief.

Plaintiff's claims against Defendant Goolsby also fail, as he, too, is entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while

8

performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004).[1] "The prosecutorial function includes initiation and pursuit of criminal prosecution." Id. The allegations against Defendant Goolsby only pertain to his traditional duties as counsel for the United States in Plaintiff's underlying criminal case, and therefore, he is entitled to absolute immunity. Accordingly, Plaintiff also fails to state a claim against Defendant Goolsby.

## II. CONCLUSION

Due to the improper nature of Plaintiff's attempted Bivens action, the Court **REPORTS** and **RECOMMENDS** that the case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of October, 2010, at Augusta, Georgia.[2]

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In Rivera the plaintiff was suing a prosecutor under 42 U.S.C. § 1983, whereas in the current case, Plaintiff is suing under the authority of Bivens. However § 1983 law generally applies to Bivens actions "[b]ecause of the similarity in the causes of action. . . ." Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (citing Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)). Specifically, a federal official sued under Bivens has the same immunity that a state official sued under § 1983 would have. Butz v. Economou, 438 U.S. 478, 500 (1978).

[2] In light of the recommendation that this case be dismissed, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for stamp filed summons and complaints (doc. nos. 10, 11) be found **MOOT**.

9