IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CHRISTOPHER L. JEBURK,         )
                              )
              Plaintiff,       )
                              )
         v.                    )    CV 110-073
                              )
JUDGE DUDLEY H. BOWEN, JR., et al.,  )
                              )
              Defendants.      )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 16.) The Magistrate Judge recommended dismissal of Plaintiff's civil rights case because Plaintiff was attempting to use an action based on <u>Bivens v. Six Unknown Narcotics Agents</u>, 403 U.S. 388 (1971), to launch a collateral challenge to restore his appellate rights. (Doc. no. 12, pp. 1-2.) The Magistrate Judge also found that even if Plaintiff's claims were properly raised in a civil rights action, the claims were frivolous and/or failed to state a claim upon which relief can be granted. (<u>Id.</u> at pp. 6-9.)

First, Plaintiff objects to the finding that his claims were improperly brought under <u>Bivens</u> because he was seeking to launch a collateral challenge to restore his appellate rights. The Magistrate Judge concluded that Plaintiff's claims were improperly brought by looking beyond the label of Plaintiff's filing to the underlying substance. (<u>Id.</u> at p. 2.) The Magistrate Judge took several factors into account in his analysis, including: 1) the fact that Plaintiff was not seeking monetary compensation as relief; 2) the fact that Plaintiff has a

history of filing § 2241 habeas corpus petitions seeking to restore his appellate rights in order to avoid the successive filing bar of § 2255; and 3) the fact that Plaintiff was seeking a declaration that his constitutional rights were violated so that he could attempt to restore his appellate rights. (Id. at 2-3.) Plaintiff argues that whether he sought monetary compensation in his claim is not the determining factor in differentiating a Bivens action from a petition for habeas corpus. (Doc. no. 16, p. 2.) Plaintiff's objection mischaracterizes the Magistrate Judge's analysis. As demonstrated above, the fact that Plaintiff did not seek damages in his Bivens action was not the sole determining factor of the Magistrate Judge's analysis, but rather was only one factor taken into account in looking beyond the label of Plaintiff's filing to the underlying substance. (Doc. no. 12, p. 2.) Thus, Plaintiff's objection does not affect the analysis of the Magistrate Judge.

Plaintiff goes on to argue that Heck v. Humphrey, 512 U.S. 477, 487 (1994), provides the proper test to determine if Plaintiff is attempting to bring a habeas petition disguised as a Bivens action and that the Magistrate Judge did not apply Heck. (Doc. no. 16, p. 3.) A prisoner's civil action falls under the auspices of habeas corpus and is barred by Heck if success in that action would demonstrate the invalidity of confinement or its duration. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). However, a court does not have to utilize the Heck test in order to find that a plaintiff may not proceed under a Bivens action. As discussed above, the Magistrate Judge properly applied the established practice of looking beyond the title of Plaintiff's complaint to determine that Plaintiff's Bivens action was another improper attempt by Plaintiff to restore his appellate rights while avoiding the successive filing bar to § 2255 motions. (Doc. no. 12, p. 2.) Additionally, the Magistrate Judge's analysis did not state that Plaintiff's action should be recharacterized as a petition

for habeas corpus, as Plaintiff states in his objections. (Doc. no. 16, p. 4.) Therefore, Plaintiff's argument that the Heck test should have been applied to his action is without merit, and does not change the Magistrate Judge's correct conclusion that Plaintiff's case should be dismissed.

Next, Plaintiff argues that "non-frivolous grounds exist which bar dismissal." (Id., at 7.) Plaintiff argues that at the hearing to determine whether to grant Plaintiff *in forma pauperis* ("IFP") status on appeal, the Honorable Dudley H. Bowen, Jr., United States District Judge, falsely indicated that Plaintiff was at the hearing when he stated twice that "Mr. Jeburk is present. . ." (Id. at 5.) This is merely a rehashing of Plaintiff's original claim which was already thoroughly examined and rejected by the Magistrate Judge as frivolous. (Doc. no. 12, pp. 6-7.) Therefore, Plaintiff's objection fails to make an argument, and does not affect the correct conclusion by the Magistrate Judge that even a casual reading of the IFP hearing transcript demonstrates that Plaintiff has taken Judge Bowen's statements out of context. (Id. at 7.)

Plaintiff then presents new arguments in what appears to be an attempt to assert a new claim. (Doc. no. 16, pp. 6-7.) Plaintiff cites other excerpts from the IFP hearing transcript in an attempt to show that Judge Bowen was aware of the importance of the transcript that Plaintiff was seeking, and that he "ordered" Defendants Flanagan and Boone to prosecute Plaintiff's appeal. (Id. at 6.) Therefore, Plaintiff states that he finds it "more than passing strange" that Judge Bowen would adopt the dismissal of Plaintiff's appeal by the Eleventh Circuit without sanctioning Defendants Flanagan and Boone. (Id. at 6-7.) First, Plaintiff once again attempts to use excerpts from the IFP hearing transcript, taken out of context, to support his argument. (Id. at 6.) However, more importantly, Plaintiff's argument about

3

what Judge Bowen would and would not do is mere speculation by Plaintiff that fails to state any kind of claim, and therefore does not affect the Magistrate Judge's analysis.

Finally, Plaintiff asserts that his claims against Judge Bowen and Defendant Goolsby are not barred by absolute immunity. (Id. at 7.) Citing Pulliam v. Allen, 466 U.S. 522 (1984) and Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985), Plaintiff argues that Judge Bowen and Defendant Goolsby are liable for prospective injunctive and declaratory relief. (Id. at 7-8.) Plaintiff goes on to argue that because he is seeking such relief, he has claims against Judge Bowen and Defendant Goolsby. (Id. at 8.) In regard to Judge Bowen, the cases cited above by Plaintiff to support his argument both involve state judges being sued under 42 U.S.C. § 1983 for injunctive relief, and not a federal judge being sued under Bivens as is the case in the present action. In Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000), the Eleventh Circuit held that federal judges are protected from claims for injunctive relief, as well as for monetary damages, in Bivens actions under the doctrine of absolute immunity.

Furthermore, Plaintiff does not meet the prerequisites to obtain injunctive relief against either Judge Bowen or Defendant Goolsby. In order to obtain injunctive relief, Plaintiff must establish: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc.,

4

887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)). Here, Plaintiff has failed to establish a likelihood of success on the merits. Additionally, Plaintiff does not even argue, much less establish, that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and if issued, that the injunction would not be adverse to the public interest. Plaintiff is also not entitled to declaratory relief. Plaintiff seeks a declaration that Defendants violated his constitutional rights. However, as stated above, the Magistrate Judge correctly concluded that Plaintiff's claims were frivolous. Therefore, Plaintiff's constitutional rights were not violated, and he is not entitled to declaratory relief. Thus, Plaintiff's arguments do not affect the conclusions of the Magistrate Judge.

In sum, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court as modified herein. Therefore, due to the improper nature of Plaintiff's attempted Bivens action, and failure to state a claim upon which relief can be granted, Plaintiff's case is **DISMISSED**, this civil action is **CLOSED**, and Plaintiff's motions for stamp filed summons and complaints (doc. nos. 10, 11) are deemed **MOOT**.

SO ORDERED this _29th_ day of November, 2010, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA